IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY HEREDIA,  :
      Petitioner  :
  :
  vs.  : CIVIL NO. 1:CV-14-0214
  :
TREVOR WINGARD, et al.  : (Judge Caldwell)
      Respondents  :
  :
  :

*M E M O R A N D U M*

Henry Heredia, an inmate at the state correctional institution in Laurel Highlands, Somerset, Pennsylvania, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition challenged his convictions in the Court of Common Pleas of the Seventeenth Judicial District of Pennsylvania for among other offenses, aggravated assault, fleeing or attempting to elude police, and driving under the influence.  By way of a memorandum and order dated January 22, 2015, we denied the petition.  *Heredia v. Wingard*, 2015 WL 279841 (M.D. Pa.).  We are considering Petitioner's timely filed motion to alter or amend under Fed. R. Civ. P. 59(e).

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).  "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." *Id.* It cannot be used simply to reargue issues that the court has already considered and resolved. *Blanchard v. Gallick,* No. 09–1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)(Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

We will deny the reconsideration motion because there were no errors of law or fact in our ruling denying habeas relief. Familiarity with our previous memorandum will be presumed.

Petitioner contends we erred in disposing of his first and second claims for relief. In his first claim, Petitioner asserted trial counsel was ineffective in failing to properly advise him on a plea offer Petitioner rejected, with Petitioner going to trial instead. In rejecting this claim, we decided we could not disturb the Pennsylvania Superior Court's ruling that trial counsel had recommended the offer be accepted but that Petitioner had refused this advice. Petitioner argues that the advice, if it actually happened, came after the prosecutor had stated it was Petitioner's "last chance" to accept the plea and trial counsel had cut off further discussion. Thus, in any event, Petitioner could not have accepted the offer at that point because it was no longer available.

We reject this argument. In support, Petitioner has quoted a question put to him by the prosecutor at the PCRA hearing:

> Q  Because I had said that's all I would offer and that was your last chance, do you recall that?

> A   I remember you saying that that's all that you would offer, yeah.

(Doc. 15-1, ECF p. 143, PCRA transcript).  This statement must be looked at in context, and the background we provide in the January 22 memorandum shows that when trial counsel gave his advice, Petitioner could still have accepted the offer.

In his second claim, Petitioner asserted, in part, that trial counsel was ineffective in failing to use police reports to cross-examine Pennsylvania state troopers who testified at trial.  In rejecting this claim, we decided we could not disturb the Pennsylvania Superior Court's ruling that trial counsel's decision to wait until closing to use impeachment material was reasonable trial strategy.  Petitioner argues that the police reports were significant evidence of his innocence as the reports stated that Cpl. Henry initiated the contact between his vehicle and Petitioner's, contrary to the officers' testimony at trial that Petitioner struck Cpl. Henry's car first.

We reject this argument because Petitioner is mistaken.  The police reports state that he struck Cpl. Henry's car first.  (Doc. 1-2, ECF pp. 39-40 (Triponey report) and 43 (LaForme report)).  The reports do state that Cpl. Henry then performed a "pit" maneuver against Petitioner's car, but that was after the initial contact by Petitioner.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 16, 2015